J-S32010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD L. FLEMING | : | |
| | : | |
| Appellant | : | No. 400 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 14, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0001449-2021

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED: NOVEMBER 20, 2023**

Appellant Ronald L. Fleming appeals from the February 14, 2023 Judgment of Sentence entered by the Adams County Court of Common Pleas. Appellant challenges the discretionary aspects of his sentence of 24 to 48 months of incarceration imposed after a jury found Appellant guilty of Aggravated Assault, Terroristic Threats, Simple Assault, Indecent Exposure, and Summary Harassment.[1] Appellant's counsel, Christian J. DeFilippo, Esquire ("Counsel"), filed an *Anders/McClendon* Brief and a Petition for Leave to Withdraw as Counsel.[2] After careful review, we grant the Petition for Leave to Withdraw as Counsel and affirm the Judgment of Sentence.

---

[1] 18 Pa.C.S. §§ 2702(a)(3), 2706(a)(1), 2701(a)(1), 3127, and 2709(a)(1), respectively.

[2] *Anders v. California*, 386 U.S. 738 (1967), *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981).

The relevant facts as set forth by the trial court are as follows:

On September 6, 2021, Appellant was an inmate at the Adams County Adult Correctional Complex and was housed in a single cell in block 1A, which is a restrictive housing unit. The cell had a wicket, which is a 12" x 7" opening where food trays and other items could be provided to the inmate. After Appellant finished his dinner, Correctional Officer Devin Herring (hereinafter "CO Herring") opened the wicket to retrieve Appellant's food tray. Appellant thrust his arm through the wicket while holding the food tray, hitting CO Herring in his testicles with the food tray. Appellant responded, "I got you dickhead, I got you dickhead". CO Herring felt pain, received medical attention and was diagnosed with a contusion to his left testicle with varicocele of scrotum. On September 6, 2021, Appellant also exposed his genitals to CO Herring and made verbal threats to CO Herring. Appellant specifically stated "I'm gonna take your twin son, and then I'm gonna stick my dick down his throat and kill him."

Trial Ct. Op., 5/2/23, at 1-2 (footnote omitted).

On December 7, 2022, the jury found Appellant guilty of the above-listed charges. On February 14, 2023, after reviewing the Presentence Investigation Report, Sentencing Memorandums filed by defense counsel and the Commonwealth, as well as a Psychological Evaluation and Competency Assessment submitted by Appellant, the trial court sentenced Appellant to 24 to 48 months of incarceration for Aggravated Assault, with credit for time served. The court did not impose any additional sentence for Terroristic Threats or Indecent Exposure. Moreover, the court observed that the convictions for Summary Harassment and Simple Assault merged with Aggravated Assault for sentencing purposes. The court did not impose any additional fines other than any fees, fines, and costs mandated by law, and the court specifically did not impose a DNA fee "as it would constitute an undue

financial hardship."[3]  Trial Ct. Order, 2/14/23, at 2.  Appellant did not file a post-sentence motion.

Appellant filed *pro se* a Notice of Appeal on March 9, 2023.  The trial court directed Counsel to file a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal.  After filing an initial statement and obtaining the court's permission to file an amendment, Counsel filed an Amended Concise Statement and Statement of Intent to Withdraw as counsel on April 21, 2023. Counsel acknowledged that Appellant sought to challenge his sentence, claiming it was (1) manifestly excessive based upon the court's failure to consider mitigating circumstances including Appellant's mental health and (2) based on prejudicial considerations.  Counsel asserted that "no non-frivolous matters could be raised on appeal" and stated that he informed Appellant of his intent to file an ***Anders/McClendon*** Brief and a Petition to Withdraw as Counsel with this Court.  Amended Pa.R.A.P. 1925(b) Statement at ¶ 7.

Subsequently, Counsel filed an ***Anders/McClendon*** Brief in this Court, setting forth the following issues asserted by Appellant:

---

[3] At the same hearing, the court sentenced Appellant on a separate docket, CP-01-CR-1037-2021, for three counts of Aggravated Assault by a Prisoner. These charges related to incidents where Appellant "threw urine and feces and made threats of violence against Correctional Officers at the Adams County Adult Correctional Complex between May 26, 2021 and June 11, 2021."  Trial Ct. Op. at 1 n.1.  The court imposed an aggregate term of six to twelve years of incarceration, which the court imposed consecutively to the sentence under review.  ***Id.*** at 3 n.4.  The court explained that it imposed the sentences consecutively because each count involved a separate victim.  ***Id.*** at 7. Appellant does not challenge the sentence imposed at CP-01-CR-1037-2021 in this appeal.

1. Appellant questions whether the Trial Court was manifestly excessive in its [s]entencing of Appellant and failed to consider mitigating circumstances, including but not limited to, the psychological/psychiatric evaluation at [s]entencing?

2. Appellant also questions whether the Trial Court was excessive in its [s]entencing of Appellant based on prejudicial considerations?

*Anders/McClendon* Brief at 4. Appellant has not filed a response.

**A.**

"Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in *Anders* and its progeny." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*). Our Supreme Court requires counsel seeking to withdraw to satisfy the following four requirements in an *Anders/McClendon* Brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). In so doing, "[c]ounsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." *Id.* Counsel must also "furnish a copy of the brief to [the appellant] and advise him of his right to retain new counsel, proceed *pro se*

or raise any additional points that he deems worthy of the court's attention." *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

If counsel satisfied these requirements, we then must "make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5 (citation omitted). In so doing, we will "conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated." *Yorgey*, 188 A.3d at 1197.

After review of the *Anders/McClendon* Brief, we find that Counsel sufficiently complied with the requirements of *Santiago* and *Millisock* through Counsel's brief to this Court and by providing the necessary information to Appellant. Accordingly, we turn to the issues presented.

**B.**

As noted, Appellant challenges the discretionary aspects of his sentence. It is well settled that "[w]e do not review an appellant's challenge to discretionary aspects of a sentence as a matter of right." *Commonwealth v. Schroat*, 272 A.3d 523, 526 (Pa. Super. 2022). To invoke this Court's jurisdiction, an appellant challenging the discretionary aspects of sentence must satisfy the following: (1) file a timely notice of appeal; (2) demonstrate that they preserved the issue at sentencing or in a post-sentence motion; (3) comply with Pa.R.A.P. 2119(f), which requires the appellant to "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a

- 5 -

sentence[;]" and (4) present a substantial question as required by 42 Pa.C.S. § 9781(b). *See Schroat*, 272 A.3d at 527.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted). It is well-established "that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted). Moreover, "[t]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Moury*, 992 A.2d 162, 171–72 (Pa. Super. 2010).

## C.

In the *Anders/McClendon* Brief, Counsel conveyed that Appellant sought to challenge the consecutive nature of the instant sentence and the sentence imposed in the related matter. *Anders/McClendon* Brief at 8. Second, Counsel stated that "Appellant believes that the lower court failed to consider mitigating circumstances when Sentencing Appellant." *Id.* Finally,

counsel noted that "Appellant believes the lower court was excessive in its Sentencing due to prejudicial considerations." *Id.* [4]

After conducting an independent review, we discern no non-frivolous issues to be raised on appeal. Rather, as noted by the sentencing court and Counsel, Appellant's challenges fail to satisfy the requirements for this Court to review the discretionary aspects of his sentence. Most significantly, as noted by the sentencing court, Appellant did not preserve his claim by objecting at sentencing or filing a post-sentence motion. Trial Ct. Op. at 6. Additionally, his challenges to the imposition of consecutive sentences and the court's weighing of mitigating factors do not rise to the level of substantial questions.[5] Accordingly, we grant the Petition for Leave to Withdraw as Counsel and affirm the Judgment of Sentence.

Petition for Leave to Withdraw as Counsel granted. Judgment of Sentence affirmed.

_____

[4] Counsel did not include a Pa.R.A.P. 2119(f) statement in the **Anders/McClendon** Brief. Nevertheless, this Court does "not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015).

[5] Moreover, the sentencing court and Counsel demonstrate that the sentence was not excessive as the court imposed a sentence in the standard range, did not impose additional sentences for the Terroristic Threats and Indecent Exposure convictions, and considered Appellant's mitigating circumstances, including his psychological assessment.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>11/20/2023</u>